Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, CA 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: service@kevinglittle.com

Attorneys for Plaintiffs Stuart John Tsuneo Nagata,
Annabelle Perez, and Martin Olvera-Santoya

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

| | |
|---|---|
| STUART JOHN TSUNEO NAGATA, an individual; ANNABELLE PEREZ, an individual; and MARTIN OLVERA-SANTOYA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF MERCED, a public entity; DETECTIVE CALVIN HAYGOOD, individually and in his official capacity; DETECTIVE ADRIAN ALLEN, individually and in his official capacity; DETECTIVE NELSON MOSES, individually and in his official capacity; OFFICER STEVEN ODOM, individually and in his official capacity; COUNTY OF MERCED, a public entity; SERGEANT JOSE RIOS, individually and in his official capacity; LIEUTENANT STEVE BASSI, individually and in his official capacity; CDCR SPECIAL AGENT JAMES ROCHESTER, individually and in his official capacity; and DOES 1 THROUGH 50, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. 42 U.S.C. § 1983 - Unconstitutional Arrest and Detention <br> 2. 42 U.S.C. § 1983 - Unconstitutional Prosecution <br> 3. 42 U.S.C. § 1983 - Fabrication of Evidence / Deprivation of Fair Trial <br> 4. 42 U.S.C. § 1983 - Supervisory Liability <br> 5. 42 U.S.C. § 1983 - Municipal Liability <br> 6. Bane Act - Civil Code § 52.1 - Unconstitutional Arrest and Detention <br> 7. Bane Act - Civil Code § 52.1 - Unconstitutional Prosecution and Fabrication of Evidence <br> 8. California State Law - False Arrest and False Imprisonment <br> 9. California State Law - Negligence |

Plaintiffs Stuart John Tsuneo Nagata, Annabelle Perez, and Martin Olvera-Santoya, through their undersigned counsel, hereby make the following allegations against the Defendants, and each of them.

//

//

- 1 -
COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this action, which arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' related state-law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the asserted claims occurred within this judicial district and because, upon information and belief, one or more Defendants reside within this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3.     Plaintiffs have complied with the California Government Claims Act, Government Code § 900 et seq., by timely presenting government tort claims to the public entities whose employees are implicated by the state-law claims asserted herein, including the City of Merced, the County of Merced, and the State of California through the California Department of Corrections and Rehabilitation.

4.     Plaintiff Stuart John Tsuneo Nagata submitted government tort claims to the City of Merced and to the State of California/CDCR on September 19, 2025, within six months of his acquittal on March 21, 2025. Each claim was rejected or deemed rejected by operation of law pursuant to Government Code § 912.4. Plaintiffs now bring this civil action.

5.     Plaintiff Stuart John Tsuneo Nagata also submitted a government tort claim to the County of Merced concerning the Sheriff's Office conduct alleged herein within six months of his acquittal on March 21, 2025.

6.     Plaintiff Annabelle Perez submitted government tort claims to the City of Merced and to the State of California/CDCR between September 22 and September 26, 2025, within six months of the dismissal of all charges against her on April 15, 2025.

7.     Plaintiff Martin Olvera-Santoya submitted government tort claims to the City of Merced and to the State of California/CDCR on March 17, 2026, within six months of the dismissal of all charges against him on March 9, 2026.

//

COMPLAINT FOR DAMAGES

8.     Each claim was rejected or deemed rejected by operation of law. Plaintiffs now bring this civil action. This action is being timely filed within six months of the various rejection dates.

## PARTIES

9.     Plaintiff STUART JOHN TSUNEO NAGATA (hereinafter "Nagata") is an individual. At all relevant times, Nagata resided in the County of Merced, California.

10.     Plaintiff ANNABELLE PEREZ (hereinafter "Perez") is an individual. At all relevant times, Perez resided in the County of Merced, California.

11.     Plaintiff MARTIN OLVERA-SANTOYA (hereinafter "Olvera") is an individual. At all relevant times, Olvera resided in the County of Merced, California.

12.     Defendant CITY OF MERCED (hereinafter "The City") is a municipal corporation and public entity organized and existing under the laws of the State of California. At all relevant times, the City of Merced operated the Merced Police Department and employed the individual Merced Police Department officers identified herein. The City of Merced is sued under federal municipal-liability principles and under California state law, including Government Code § 815.2, for the acts and omissions of its employees.

13.     Defendant COUNTY OF MERCED (hereinafter "The Count") is a public entity organized and existing under the laws of the State of California. At all relevant times, the County of Merced operated the Merced County Sheriff's Office and employed the Sheriff's personnel identified herein, including Sergeant Rios and Lieutenant Steve Bassi. The County of Merced is sued under federal municipal-liability principles and under California state law, including Government Code § 815.2, for the acts and omissions of its employees.

14.     Defendant DETECTIVE CALVIN HAYGOOD (hereinafter "Det. Haygood") was, at all relevant times, a detective employed by the Merced Police Department. With respect to the acts complained of herein, Haygood acted under color of state law and within the course and scope of his employment. Haygood is sued in his individual capacity.

15.     Defendant DETECTIVE ADRIAN ALLEN (hereinafter "Det. Allen") was, at all relevant times, a detective employed by the Merced Police Department. With respect to the acts

complained of herein, Allen acted under color of state law and within the course and scope of his employment. Allen is sued in his individual capacity.

16.     Defendant DETECTIVE NELSON MOSES (hereinafter "Det. Moses") was, at all relevant times, a detective employed by the Merced Police Department. With respect to the acts complained of herein, Moses acted under color of state law and within the course and scope of his employment. Moses is sued in his individual capacity.

17.     Defendant OFFICER STEVEN ODOM (hereinafter "Ofc. Odom") was, at all relevant times, an officer assigned to the gang unit of the Merced Police Department. With respect to the acts complained of herein, Odom acted under color of state law and within the course and scope of his employment. Odom is sued in his individual capacity.

18.     Defendant SPECIAL AGENT JAMES ROCHESTER (hereinafter "Agent Rochester") was, at all relevant times, a Special Agent employed by the California Department of Corrections and Rehabilitation. Rochester is sued only in his individual capacity for his investigative conduct, consultation, and participation in the development and use of the unsupported gang theory alleged herein, and not for damages against the State of California or CDCR.

19.     Defendant SERGEANT JOSE RIOS (hereinafter "Sgt. Rios") was, at all relevant times, a sergeant employed by the Merced County Sheriff's Office. With respect to the acts complained of herein, Rios acted under color of state law and within the course and scope of his employment. Rios is sued in his individual capacity.

20.     Defendant LIEUTENANT STEVE BASSI (hereinafter "Lt. Bassi") was, at all relevant times, a lieutenant employed by the Merced County Sheriff's Office. With respect to the acts complained of herein, Bassi acted under color of state law and within the course and scope of his employment. Bassi is sued in his individual capacity.

21.     DOES 1 through 50 are sued herein under fictitious names. Plaintiffs are unaware of the true names and capacities of Defendants sued as DOES 1 through 50 and will seek leave to amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe that DOES 1 through 50 were personally involved in the conduct alleged herein and are liable based on one or more of the causes of action asserted.

- 4 -
COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**

**A. Introduction**

22.     This is a federal civil rights action arising from the wrongful arrests, unconstitutional prosecutions, wrongful convictions, and years-long losses of liberty suffered by Plaintiffs Nagata, Perez, and Olvera. Plaintiffs had absolutely nothing to do with the July 14, 2019 murder of Juan Ramirez in Merced, California.

23.     The case against Plaintiffs did not arise from legitimate evidence placing them at the murder scene. It arose because Defendant law enforcement officers deliberately selected Plaintiff Nagata as a target, treated his alleged gang association as a substitute for evidence, and then manufactured and maintained an investigative theory that contradicted the known timeline, witness accounts, 911 call data, and surveillance evidence.

24.     The central premise of the prosecution was false: Plaintiff Nagata's vehicle was not at the murder scene when Juan Ramirez was killed. No witness identified Nagata's license plate at the scene. No witness placed his vehicle at the scene at the time of the shooting. Available evidence established that the vehicle attributed to Nagata had left the area before the shots-fired call was even registered.

25.     Rather than disclose and act on those facts, Defendants advanced a false vehicle-at-the-scene theory, used an unsupported gang theory to supply motive and prejudice, and transmitted false, misleading, and incomplete information that caused Plaintiffs to be arrested, prosecuted, convicted, and imprisoned.

26.     Plaintiffs' convictions were reversed by the Fifth District Court of Appeal. Plaintiff Nagata was later acquitted by a jury. All charges against Plaintiffs Perez and Olvera were dismissed. Plaintiffs now seek redress for the intentional constitutional violations and state-law torts committed by the officers and public entity defendants identified herein.

27.     Plaintiff Nagata was retried in March 2025 and acquitted unanimously.

28.     Plaintiffs Perez and Olvera each had all charges against them dismissed.

29.     Each Plaintiff has suffered devastating harm — including but not limited to loss of liberty, wrongful incarceration, financial ruin, mental and emotional trauma, and lasting harm to

COMPLAINT FOR DAMAGES

their reputations and livelihoods — as the direct and proximate result of Defendants' unlawful conduct.

**B. Plaintiffs Had Absolutely Nothing to Do with the Ramirez Murder**

30. On or about July 14, 2019, Juan Ramirez was killed in Merced, California. Plaintiffs did not participate in, assist, encourage, plan, conceal, or otherwise have anything whatsoever to do with his death.

31. At or around the time of the murder, Plaintiffs Nagata and Perez had been at a casino with approximately 200 other people. Surveillance evidence confirmed their presence there and contradicted the later theory that Nagata's vehicle was at the murder scene when the shooting occurred.

32. The 911 caller and other witnesses provided, at most, vague and conflicting descriptions of a vehicle in the area. No witness obtained or reported Plaintiff Nagata's license plate. No witness identified Nagata's specific vehicle as being at or near the shooting when the shooting occurred.

33. The evidence available to investigators, including casino surveillance, witness accounts, and 911 call timing, established that the vehicle attributed to Plaintiffs Nagata and Perez had left the area before the shots-fired call was registered. The 911 operator confirmed the relevant timing at trial.

**C. Defendants Knew the Vehicle-at-the-Scene Theory Was False or Recklessly Disregarded Its Falsity**

34. Defendants Haygood and Allen were lead investigators in the Ramirez homicide investigation. They knew the prosecution's vehicle theory depended on placing Nagata's vehicle at the murder scene at the time of the shooting, and they also knew that no witness had identified Nagata's plate and that the known timeline did not place his vehicle there when the shooting occurred.

35. Despite those facts, Haygood and Allen deliberately advanced the false theory that Nagata's vehicle was present at the murder scene at the time of the killing. They did so not because

- 6 -

COMPLAINT FOR DAMAGES

the evidence supported that conclusion, but because they had selected Nagata as a target and used his alleged gang association as a substitute for probable cause.

36.    Plaintiff Nagata is informed and believes that investigators entered the residence where indicia belonging to him were located before obtaining a proper search warrant, and that they obtained an insurance document bearing his vehicle's license plate number through that pre-warrant entry. That plate number had not been supplied by any witness at the scene.

37.    After obtaining the plate number, Defendants worked backward to construct a vehicle-tracking theory that lacked witness support and contradicted the objective timing evidence. Defendants failed to pursue basic investigative steps that would have undermined or disproved their theory, including license plate reader analysis of the conflicting vehicle descriptions actually provided by witnesses.

38.    Defendants did not merely fail to investigate adequately. They deliberately used false, misleading, and incomplete information to create the appearance of probable cause where none existed, and they omitted or minimized exculpatory facts that showed Plaintiffs were not responsible for the murder.

39.    Defendant Moses participated in the investigation and adopted, ratified, or assisted the false investigative theory advanced by Haygood and Allen. Moses knew or recklessly disregarded that the vehicle-at-the-scene theory was unsupported by witness identification, contradicted by the known timeline, and dependent on improper assumptions about Nagata's alleged gang status.

40.    Defendant Odom participated in gang-related investigative work and gang validation efforts that supplied the pretextual motive theory used to target Nagata and prejudice all Plaintiffs. Odom knew or recklessly disregarded that the gang evidence and conclusions being used against Plaintiffs were unreliable, unfairly prejudicial, and not supported by facts tying Plaintiffs to the Ramirez murder.

41.    Defendant Rochester participated in the development, review, consultation, or investigative use of the gang theory against Plaintiffs before and apart from any testimony. Rochester knew or recklessly disregarded that the gang theory was being used to supply a motive

- 7 -
COMPLAINT FOR DAMAGES

and mental-state narrative not supported by reliable facts connecting Plaintiffs to the charged crimes.

### D.  The Unsupported Theory Caused Plaintiffs' Arrests and Prosecutions

42.    In or around 2019, Plaintiff Nagata was arrested in connection with the murder of Juan Ramirez, as well as for alleged attempted possession of ammunition by a prohibited person and alleged participation in a criminal street gang.

43.    Plaintiff Perez was arrested and charged, including with accessory after the fact under Penal Code § 32 and criminal street gang enhancements under Penal Code § 186.22.

44.    Plaintiff Olvera was arrested and charged with accessory after the fact and gang enhancements. Before the events alleged herein, Olvera had no prior felony conviction and no record indicating gang involvement.

45.    The arrests and prosecutions of Plaintiffs were caused by Defendants' false, misleading, and incomplete investigative materials, including the unsupported vehicle-at-the-scene theory and the conjured gang theory. Had Defendants truthfully disclosed or testified as to the known evidence and refrained from fabricating or exaggerating inculpatory facts, there would have been no probable cause to arrest or prosecute Plaintiffs for the Ramirez murder or related charges. The Defendants' misconduct prevented any exercise of independent discretion by the prosecutors.

### E.  The First Trial and Wrongful Convictions

46.    Plaintiffs were tried together in Merced County Superior Court. The prosecution relied on the false vehicle-at-the-scene theory and extensive gang evidence to persuade the jury that Plaintiffs were responsible for crimes they did not commit.

47.    The gang evidence served the same improper purpose for which Defendants developed it: to make Plaintiffs appear dangerous and culpable despite the lack of evidence tying them to the murder. That evidence inflamed the jury, supplied a prejudicial substitute for proof, and deprived Plaintiffs of a fair determination of the facts.

48.    Plaintiff Nagata exercised his constitutional right to represent himself at trial. Despite his efforts to object to the gang evidence and other prejudicial material, the fabricated evidence was admitted.

COMPLAINT FOR DAMAGES

49. All Plaintiffs were convicted in the first trial. Nagata was convicted of murder and sentenced to a term of imprisonment of 50 years to life, plus an additional determinate term of 4 years for unlawful possession of ammunition. Perez was convicted of accessory after the fact and sentenced to a term of 8 years, 3 years for Penal Code section 32 and an additional five years for the gang enhancement. Olvera was convicted of accessory after the fact with gang enhancements and was sentenced to a term of 4 years.

50. Additionally, Plaintiffs Nagata and Perez were each individually ordered to pay over $5,000.00 in monetary fines and penalties, and Plaintiff Olvera was ordered to pay over $2,500.00, in connection with their convictions,.

## F. The Fifth District Court of Appeal Reversed the Convictions

51. Nagata's case returned to Merced County Superior Court for retrial. During pretrial proceedings, the court severed the murder count from the attempted-possession-of-ammunition count after finding that joinder was highly prejudicial, that there was no cross-admissibility of evidence, and that proof of the ammunition count would require evidence that Nagata was a convicted felon.

52. The trial court also dismissed the initial jury venire after finding that prospective jurors had been tainted by the contents of the jury questionnaire, which identified Nagata as an individual who had allegedly attempted to possess ammunition while being a convicted felon.

53. During Nagata's retrial proceedings, Nagata remained in custody and continued to exercise his constitutional right to represent himself. As a self-represented criminal defendant, Nagata's ability to review, organize, preserve, and use jury questionnaires and related defense materials was essential to his defense, his access to the courts, and his right to a fair trial.

54. On or about March 3, 2025, and again on or about March 10, 2025, the Merced County Superior Court ordered the Sheriff's Office to allow Nagata to receive jury questionnaires with staples so that he could review the questionnaires in their original, organized condition. The court's orders were specific and were directed to preserving Nagata's ability to review and use those materials for trial.

//

COMPLAINT FOR DAMAGES

55. Defendants Sergeant Rios and Lieutenant Bassi, acting under color of law, retaliated against Plaintiff Nagata for his exercise of his First Amendment right to self-representation by intentionally defying court orders governing the handling of his legal materials. Specifically, Sergeant Rios refused to permit stapled jury questionnaires into the jail on or about March 2, 2025, and Lieutenant Bassi expressly refused to comply with the court's directive on or about March 10, 2025, stating he would not "start a precedent."

56. As a result, Sheriff's personnel removed staples from Nagata's legal materials in direct contravention of the court's order, returned questionnaires out of order, displaced protected defense work product, and placed unauthorized markings on legal documents — all of which materially interfered with Nagata's ability to exercise his right to conduct his own defense.

57. The conduct of Rios, Bassi, and other Sheriff's personnel defied express court orders, interfered with Nagata's legal work product, impaired the integrity of defense materials, and created an unreasonable risk of prejudice to Nagata's access to the courts, self-representation, due process, and fair-trial rights during the retrial proceedings.

58. On March 21, 2025, following a jury trial on the murder charge, the jury returned a unanimous verdict of Not Guilty. Nagata was acquitted after spending approximately five and one-half years in custody and enduring two trials for a crime he did not commit.

59. On April 15, 2025, the date Perez was scheduled to appear for retrial, the Merced County District Attorney's Office moved to dismiss all remaining charges against her. That dismissal terminated the criminal proceedings in Perez's favor.

60. On March 9, 2026, the Merced County Superior Court, in Case No. 19CR-06497C, entered minute orders reflecting that Olvera's convictions had been overturned, that judgment had been reversed, and that the People moved to dismiss the case. All charges against Olvera were dismissed, terminating the criminal proceedings in his favor.

### G. Plaintiffs' Damages

61. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered severe and lasting harm, including loss of liberty, incarceration, emotional distress, mental anguish,

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

COMPLAINT FOR DAMAGES

humiliation, reputational harm, lost income, lost earning capacity, legal fees and costs, disruption of family relationships, and other special and general damages in amounts to be proven at trial.

62. Nagata spent approximately five and one-half years in custody. Olvera was incarcerated for approximately five and one-half years. Perez was sentenced to 36 months and served approximately 18 months in state prison. Each Plaintiff continues to suffer the effects of having been wrongfully arrested, prosecuted, convicted, and imprisoned.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 - Unconstitutional Arrest and Detention**

**(By All Plaintiffs Against Defendants Haygood, Allen, Moses, Odom, Rochester, and Does 1 through 50)**

63. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 64 as if fully stated herein.

64. At all relevant times, the individual Defendants acted under color of state law. Defendants intentionally or recklessly caused Plaintiffs to be arrested, detained, jailed, and imprisoned without probable cause and without lawful justification.

65. Defendants caused Plaintiffs' seizures by fabricating, adopting, transmitting, or relying upon false and misleading investigative information, including the false vehicle-at-the-scene theory and the unsupported gang theory. Defendants also omitted, minimized, or disregarded exculpatory evidence showing that Plaintiffs were not responsible for the Ramirez murder.

66. Defendants' conduct violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizure and detention without probable cause.

67. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs suffered the damages alleged herein.

//

//

//

//

- 11 -

COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 - Unconstitutional Prosecution**

**(By All Plaintiffs Against Defendants Haygood, Allen, Moses, Odom, Rochester, and Does 1 through 50)**

68.     Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 69 as if fully stated herein.

69.     Defendants intentionally or recklessly caused Plaintiffs to be criminally prosecuted without probable cause by providing, adopting, or failing to correct false, misleading, and incomplete investigative information that was material to the initiation and maintenance of criminal proceedings against Plaintiffs.

70.     The criminal proceedings against Nagata terminated in his favor with a unanimous jury verdict of Not Guilty on March 21, 2025. The criminal proceedings against Perez terminated in her favor with the dismissal of all charges on April 15, 2025. The criminal proceedings against Olvera terminated in his favor with the dismissal of all charges on March 9, 2026.

71.     Defendants' conduct violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to be free from prosecution and continued seizure pursuant to legal process unsupported by probable cause.

72.     As a direct and proximate result of Defendants' unconstitutional prosecution of Plaintiffs, Plaintiffs suffered the damages alleged herein.

**THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983 - Fabrication of Evidence / Deprivation of Fair Trial / Interference with Access to Courts**

**(By All Plaintiffs Against Defendants Haygood, Allen, Moses, Odom, Rochester, Rios, Bassi, and Does 1 through 50)**

73.     Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 74 as if fully stated herein.

74.     Defendants Haygood, Allen, Moses, Odom, and Rochester deliberately fabricated, adopted, ratified, or transmitted false evidence and false investigative conclusions, including the

- 12 -

COMPLAINT FOR DAMAGES

false assertion that Nagata's vehicle was at the murder scene at the time of the killing and the unsupported gang-related theory used to supply motive and culpability. Defendants Rios, Bassi, and DOES 1 through 50 deliberately interfered with Nagata's access to and use of legal materials during retrial by defying court orders regarding the jury questionnaires, disorganizing legal materials, interfering with defense work product, and tampering with or allowing the tampering of defense-related documents.

75.    Defendants knew, or were deliberately indifferent to the fact, that the fabricated, misleading, altered, disorganized, or tampered-with evidence and legal materials would be used to deprive Plaintiffs, and specifically Nagata during retrial, of liberty, access to the courts, due process, and a fair trial.

76.    Defendants' fabrication of evidence, use of misleading investigative materials, interference with legal work product, defiance of court orders, and tampering with defense-related legal materials deprived Plaintiffs, and specifically Nagata during retrial, of due process, access to the courts, and fair-trial rights under the Sixth and Fourteenth Amendments.

77.    As a direct and proximate result of Defendants' fabrication of evidence and deprivation of Plaintiffs' fair-trial rights, Plaintiffs suffered the damages alleged herein.

### FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983 - Supervisory Liability

### (By All Plaintiffs Against Defendants Haygood, Allen, Moses, Bassi, and Does 1 through 50)

78.    Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 79 as if fully stated herein.

79.    To the extent any Defendant acted in a supervisory, lead-investigator, training, reviewing, approving, or ratifying capacity, that Defendant knew or reasonably should have known that subordinate officers or participating investigators were using false, misleading, incomplete, or unreliable information to arrest and prosecute Plaintiffs.

80.    Those supervisory Defendants personally participated in, directed, approved, ratified, or knowingly failed to stop the constitutional violations alleged herein, including the use of the false vehicle-at-the-scene theory, the unsupported gang theory, and the omission of exculpatory evidence.

COMPLAINT FOR DAMAGES

LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego
KGL

81.    Defendant Bassi personally participated in, directed, approved, ratified, or knowingly failed to stop the interference with Nagata's court-ordered access to stapled jury questionnaires and related defense materials, including by expressly refusing to comply with the court's order and by permitting Sheriff's personnel to remove staples, disorganize materials, interfere with defense work product, and compromise the integrity of defense documents.

82.    The conduct of the supervisory Defendants was a moving force and proximate cause of the violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments.

83.    As a direct and proximate result of the supervisory Defendants' misconduct, Plaintiffs suffered the damages alleged herein.

### FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983 - Municipal Liability

### (By All Plaintiffs Against Defendants City of Merced and County of Merced)

84.    Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 85 as if fully stated herein.

85.    Defendants City of Merced and County of Merced, through their final policymakers, policies, customs, practices, training failures, supervision failures, and ratification of unconstitutional conduct, caused the constitutional violations alleged herein.

86.    The City maintained or tolerated customs, policies, or practices that included using unsupported gang validation and gang evidence as a substitute for individualized evidence; permitting investigators to construct theories around pre-selected targets; failing to require officers to disclose and account for exculpatory evidence; failing to train and supervise officers regarding the constitutional limits on arrests and prosecutions; and failing to discipline officers who fabricated, exaggerated, or omitted material investigative facts. The County maintained or tolerated customs, policies, or practices that included refusing to comply with court orders governing in-custody defendants' access to legal materials; allowing jail personnel to alter, disorganize, or interfere with defense materials and work product; failing to train and supervise Sheriff's personnel regarding the constitutional rights of self-represented criminal defendants; and failing to discipline or correct personnel who interfered with court-ordered access to legal materials.

87. The City's and County's customs, policies, practices, training failures, supervision failures, and ratification were moving forces behind the constitutional violations alleged herein, including the unconstitutional arrests, prosecutions, fabrication of evidence, deprivation of fair-trial rights, and interference with access to courts alleged herein.

88. As a direct and proximate result of the City's and County's municipal-liability conduct, Plaintiffs suffered the damages alleged herein.

## SIXTH CAUSE OF ACTION

### Bane Act - Civil Code § 52.1 - Unconstitutional Arrest and Detention

### (By All Plaintiffs Against All Defendants)

89. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 90 as if fully stated herein.

90. Defendants intentionally interfered with, or attempted to interfere with, Plaintiffs' rights under the United States and California Constitutions, including Plaintiffs' rights to be free from unreasonable seizure, arrest, detention, and imprisonment without probable cause.

91. Defendants accomplished this interference by threats, intimidation, or coercion, including by intentionally misusing the authority of law enforcement, fabricating or adopting false investigative theories, omitting exculpatory evidence, causing Plaintiffs to be arrested and incarcerated, and maintaining coercive criminal proceedings unsupported by probable cause.

92. Defendants City of Merced and County of Merced are vicariously liable for the Bane Act violations committed by their employees acting within the course and scope of their employment.

93. As a direct and proximate result of Defendants' Bane Act violations, Plaintiffs suffered the damages alleged herein and are entitled to statutory remedies, penalties, attorneys' fees, and costs.

//

//

//

//

- 15 -

COMPLAINT FOR DAMAGES

**SEVENTH CAUSE OF ACTION**

**Bane Act - Civil Code § 52.1 - Unconstitutional Prosecution and Fabrication of Evidence**

**(By All Plaintiffs Against All Defendants)**

94.    Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 95 as if fully stated herein.

95.    Defendants intentionally interfered with Plaintiffs' rights under the United States and California Constitutions to due process, fair criminal proceedings, freedom from prosecution unsupported by probable cause, and, as to Nagata during retrial, access to the courts and court-ordered access to legal materials necessary for self-representation and trial preparation.

96.    Defendants accomplished this interference by threats, intimidation, or coercion, including by intentionally fabricating, adopting, transmitting, or relying upon false and misleading evidence; by using the unsupported gang theory to coerce and prejudice criminal proceedings; by causing Plaintiffs to remain subject to criminal prosecutions, convictions, and imprisonment despite the absence of probable cause; and, as to Nagata, by misusing jail authority to defy court orders, interfere with legal work product, disorganize jury questionnaires, and tamper with or permit the tampering of defense-related legal materials.

97.    The criminal proceedings against each Plaintiff terminated in that Plaintiff's favor. The prosecution of Nagata ended in acquittal on March 21, 2025. The prosecution of Perez ended in dismissal on April 15, 2025. The prosecution of Olvera ended in dismissal on March 9, 2026.

98.    Defendant City of Merced is vicariously liable for the Bane Act violations committed by its employees acting within the course and scope of their employment.

99.    As a direct and proximate result of Defendants' Bane Act violations, Plaintiffs suffered the damages alleged herein and are entitled to statutory remedies, penalties, attorneys' fees, and costs.

//

//

//

//

- 16 -

COMPLAINT FOR DAMAGES

**EIGHTH CAUSE OF ACTION**

**California State Law - False Arrest and False Imprisonment**

**(By All Plaintiffs Against Defendant City of Merced, Defendants Haygood, Allen, Moses, Odom, and Does 1 through 50)**

100.   Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 101 as if fully stated herein.

101.   Defendants intentionally caused Plaintiffs to be arrested, detained, jailed, and imprisoned without lawful privilege, without probable cause, and without legal justification.

102.   Plaintiffs did not consent to their arrests, detentions, or imprisonments. Plaintiffs were harmed by the loss of liberty and other damages alleged herein.

103.   Defendant City of Merced is vicariously liable under California law for the tortious conduct of its employees acting within the course and scope of their employment.

104.   As a direct and proximate result of Defendants' false arrest and false imprisonment of Plaintiffs, Plaintiffs suffered the damages alleged herein.

**NINTH CAUSE OF ACTION**

**California State Law - Negligence**

**(By All Plaintiffs Against All Defendants)**

105.   Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1 through 106 as if fully stated herein.

106.   Defendants owed Plaintiffs duties imposed by law, including duties to use reasonable care in performing law enforcement and custodial functions, to refrain from creating an unreasonable risk of harm, to refrain from providing false or misleading information likely to cause unlawful arrest or prosecution, to comply with applicable constitutional and statutory limits on law enforcement conduct, and to comply with court orders governing access to legal materials.

107.   Defendants breached those duties by, among other things, relying upon and transmitting false, misleading, and incomplete information; failing to disclose or account for exculpatory evidence; using unsupported gang assumptions as a substitute for individualized evidence; causing Plaintiffs to be arrested, prosecuted, convicted, and imprisoned without probable

COMPLAINT FOR DAMAGES

KGL
LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

cause; defying court orders; interfering with legal work product; disorganizing and mishandling jury questionnaires; and tampering with or allowing the tampering of defense-related legal materials.

108.    This cause of action is pled as negligence only. Plaintiffs do not assert a separate cause of action for negligent investigation.

109.    Defendants City of Merced and County of Merced are vicariously liable under California law for the negligent acts and omissions of their employees acting within the course and scope of their employment.

110.    As a direct and proximate result of Defendants' negligence, Plaintiffs suffered the damages alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Stuart John Tsuneo Nagata, Annabelle Perez, and Martin Olvera-Santoya respectfully request that this Court enter judgment in their favor and against Defendants as follows:

1.    For general and compensatory damages, including damages for loss of liberty, pain and suffering, emotional distress, humiliation, lost income and earning capacity, harm to reputation, and harm to family relationships, in amounts to be established at trial;

2.    For special damages, including legal fees incurred in defending the wrongful criminal prosecutions, lost wages, and all other out-of-pocket costs and losses, in amounts to be established at trial;

3.    For punitive damages against each individual Defendant in an amount sufficient to punish and deter malicious, oppressive, fraudulent, intentional, and/or recklessly indifferent conduct;

4.    For attorneys' fees and costs pursuant to 42 U.S.C. § 1988, Civil Code § 52.1, and any other applicable statute;

5.    For costs of suit incurred herein;

6.    For prejudgment and post-judgment interest as permitted by law; and

7.    For such other and further relief as this Court may deem just and proper.

//

LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego
KGL

COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiffs Stuart John Tsuneo Nagata, Annabelle Perez, and Martin Olvera-Santoya hereby demand a trial by jury on all issues so triable.

Dated: May 7, 2026

LAW OFFICE OF KEVIN G. LITTLE

     */s/ Kevin G. Little*
Kevin G. Little
Attorneys for Plaintiffs Stuart John Tsuneo Nagata, Annabelle Perez, and Martin Olvera-Santoya

LAW OFFICE OF KEVIN G. LITTLE
Fresno | San Francisco | San Diego

KGL

- 19 -

COMPLAINT FOR DAMAGES