UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STUART JOHN TSUNEO NAGATA, *et al.*

Plaintiffs,

v.

CITY OF MERCED, *et al.*

Defendants.

No. 1:26-cv-3510-EPG

ORDER GRANTING DEFENDANT COUNTY OF MERCED AND DEFENDANT CITY OF MERCED'S MOTIONS TO DISMISS

(ECF Nos. 10, 13)

## I. INTRODUCTION

Plaintiffs' complaint, filed on May 7, 2026, brings claims under 42 U.S.C. § 1983, the Bane Act, and California state law challenging their arrest and detention for charges related to the murder of Juan Ramirez in 2019. (ECF No. 1). Plaintiff Stuart John Tsuneo Nagata ("Nagata") was initially convicted of murder, but his conviction was reversed on appeal, and he was eventually acquitted of all charges in a second trial in May 2025. Plaintiff Annabelle Perez ("Perez") was initially convicted of accessory after the fact and Martin Olvera-Santoya ("Olvera") was initially convicted of accessory after the fact, but following Plaintiff Nagata's acquittal, the charges against Perez and Olvera were dismissed. Before they were eventually released, Nagata was detained for approximately five and a half years, Olvera was detained for approximately five and a half years, and Perez was detained for approximately eighteen months. (ECF No. 1).

Plaintiffs now sue defendants City of Merced, and Officers Haygood, Allen, Moses, Odom, Rochester, and DOES 1-50 ("City Defendants") for conduct related to the events leading up to the first trial, including: (1) Unconstitutional Arrest and Detention; (2) Unconstitutional Prosecution; (3) Fabrication of Evidence; (4) Supervisory and Municipal Liability; (5) Bane Act violations for Unconstitutional Arrest and Detention and Prosecution; and (6) California state law claims of negligence and false arrest and imprisonment. (*Id.* at 11-18). Plaintiff Nagata also sues defendants County of Merced, Bassi, and Rios ("County Defendants") for: (1) Deprivation of Fair Trial and Interference with Access to Courts; (2) Supervisor and Municipal Liability; (3) Bane Act violation for Unconstitutional Prosecution and Fabrication of Evidence; and (4) a California state law claim of negligence, based on their alleged violation of a court order that Nagata be provided jury questionnaires in the jail with staples during his retrial.

City Defendants have filed a Motion to Dismiss, seeking dismissal of the negligence claim against them based on immunity under the California Government Code. (ECF No 10). Additionally, County Defendants have moved to dismiss certain claims against them related to their refusal to staple the jury questionnaires when providing them to Nagata in jail during his retrial. (ECF No. 13).

For the reasons set forth below, the Court shall grant both Defendants' motions to dismiss.[1]

## II. BACKGROUND

### a. Plaintiff's Complaint

Plaintiffs filed the complaint on May 7, 2026. (ECF No. 1). The complaint alleges the following: On or about July 14, 2019, Juan Ramirez was killed in Merced, California. Around the time of the murder, Plaintiffs allege that Nagata and Perez were at a casino in another location, with surveillance evidence confirming the presence of Nagata's vehicle at the location. (*Id.* at 6). Defendants Haygood and Allen were lead investigators on the investigation and had

[1] As no timely declination of consent was filed by either party, each party has deemed to have consented to proceed before the undersigned for all purposes pursuant to the Local Rules and 28 U.S.C. 636(c)(1). (ECF No. 14)

knowledge that Nagata's vehicle was not at the location of the shooting; however, both instigators still advanced a theory that Nagata's vehicle was present at the location at the time of the shooting, relying on his gang association as an indication of probable cause. Additionally, Defendants did not pursue basic investigation methods to disprove the theory and instead relied on "false, misleading, and incomplete information to create the appearance of probable cause and omitted or minimized exculpatory evidence" demonstrating that Plaintiffs were not responsible for the murder. (*Id.* at 7). Defendants Moses, Odom, and Rochester participated in the investigation. (*Id.* at 8).

Plaintiffs were all arrested and eventually tried in state court. Nagata was convicted of murder, and Perez and Olvera were convicted of accessory after the fact. However, on appeal, the Fifth District Court of Appeal reversed the convictions. (*Id.* at 9).

During retrial, Nagata remained in custody and chose to represent himself, as he did during the initial trial. On or about March 3 and March 10, 2025, the Merced County Superior Court ordered the Sheriff's Office to allow Nagata to receive jury questionnaires with staples in jail. Nevertheless, County Defendants Rios and Bassi allegedly removed the staples, returned questionnaires out of order, displaced legal materials, and placed marks on the legal documents. (*Id.* at 9)

On March 21, 2025, a jury returned a unanimous verdict of Not Guilty in favor of Nagata, and he was released after spending five and a half years in custody. (*Id.* at 10). Soon thereafter, Plaintiffs Perez and Olvera had all charges against them dismissed.

Plaintiffs assert the following claims brought under 42 U.S.C § 1983: Unconstitutional arrest and detention against defendants Haygood, Allen, Moses, Odom, Rochester, and Does 1-50; Unconstitutional prosecution against defendants Haygood, Allen, Moses, Odom, Rochester, and Does 1-50; Fabrication of Evidence, deprivation of fair trial, interference with access to Courts against defendants Haygood, Allen, Moses, Odom, Rochester, Rios, Bassi and Does 1-50; Supervisor liability against defendants Haygood, Allen, Moses, Rios, Bassi and Does 1-50; and Municipal liability against defendants City of Merced and County of Merced. Plaintiffs also assert the following claims: Bane Act violation for unconstitutional arrest and detention against

all Defendants; Bane Act violation for unconstitutional prosecution and fabrication of evidence against all Defendants; False arrest and false imprisonment brought under California state law against defendants City of Merced, Haygood, Allen, Moses, Odom, and Does 1-50; and Negligence brought under California state law against all Defendants. (*Id.* at 11-17). In total, Plaintiffs assert nine causes of action.

**b. City of Merced's Motion to Dismiss**

On August 7, 2026, City Defendants filed a motion to dismiss Plaintiff's Ninth Claim for Negligence against them. (ECF No. 10). Their motion argues that City Defendants are immune from liability for Plaintiffs' state law claim of Negligence under Government Code section 821.6 and 815.2, which gives public employees immunity from liability for injuries caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment.

In opposition, (ECF No. 16), Plaintiffs argue that California Government Code section 821.6 does not apply to the extent the claims relate to Defendants' investigative misconduct, independent of City Defendants' role in the institution or prosecution of criminal proceedings. (*Id.* at 23).

City Defendants argue in reply that Plaintiff's opposition mischaracterizes the claim of negligence in the complaint, which makes it clear that the City's alleged misconduct concerns the institution and prosecution of an official criminal proceeding against Plaintiffs. (ECF No. 18 at 1).

**c. County of Merced's Motion to Dismiss**

County Defendants also filed a motion to dismiss certain claims against them on August 10, 2026. (ECF No. 13). The County summarizes the claims against it as follows:

> The Complaint against Defendants County of Merced, Sergeant Jose Rios, and Lieutenant Steve Bassi (collectively "County Defendants") appear to arise only on behalf of Plaintiff Nagata, from alleged actions of jail personnel while Plaintiff Nagata was in the custody of the County of Merced jail, after the original conviction was reversed, and while Plaintiff Nagata was representing himself in the subsequent jury trial. The Complaint alleges that jail personnel removed staples from jury questionnaires provided to Plaintiff Nagata for purposes of jury selection, in violation of the trial court's order not to remove the staples. (Complaint, 9:23-10:14.) Despite the alleged violation, Plaintiff Nagata successfully represented himself throughout the trial and was acquitted by jury

> verdict. (Complaint, 9:15-16.) The Complaint identifies Sergeant Jose Rios and Lieutenant Steve Bassi as the jail personnel who caused the staples to be removed (Complaint, 10:1-6). The "County of Merced is sued under federal municipal-liability principles and under California state law, including Government Code § 815.2, for the acts and omissions of its employees" (Complaint, 3:19-21).

(ECF No. 13-1, at p. 6). With this in mind, County Defendants move to dismiss the claims against it because the complaint "fails to plead facts that support a claim of a deprivation of a clearly established constitutional right, any conduct effected by threats, intimidation, or coercion by any County Defendants, or to establish how Plaintiffs suffered actual injury as a direct result of County Defendants' conduct." (ECF No. 13-1, at p. 9).

In their opposition, Plaintiffs argue that the County Defendants interfered with Plaintiff's ability to conduct his own defense, and that such interference caused a reasonable risk of injury even if Plaintiff was ultimately acquitted. (ECF No. 16, at p. 6).

In their reply, filed on August 31, 2026, County Defendants argue that Plaintiff's opposition concedes that Plaintiff only suffered a "risk of prejudice," rather than any actual cognizable injury, which is insufficient to state the relevant claims against them. (ECF No. 19 at 1-2).

## III. LEGAL STANDARDS

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when a plaintiff pleads facts that permit the court to reasonably infer the defendant's liability for the alleged misconduct. *Id.* A complaint does not suffice if it offers only "labels and conclusions," a "formulaic recitation of the elements," or "naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

When ruling on a motion to dismiss, the court must accept all well-pleaded factual allegations as true and construe all inferences in the light most favorable to the non-moving

party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001).

## IV. ANALYSIS

### a. City Defendants' Motion to Dismiss Negligence Claim

The Court first addresses the City Defendants' motion to dismiss, which asks that the Court dismiss Plaintiff's Ninth Cause of Action for Negligence against them because City Defendants are immune under California Code Section 821.6 and 815.2. (ECF No. 10-1 at 5).

California Government Code section 821.6 states: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. Moreover, California Government Code section 815.2(b) states: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov't Code § 815.2.

In their Ninth Cause of Action for negligence against the City Defendants, Plaintiffs allege:

> Defendants breached the standard of care for "performing law enforcement . . . functions" by "relying upon and transmitting false, misleading, and incomplete information; failing to disclose or account for exculpatory evidence; using unsupported gang assumptions as a substitute for individualized evidence; [and] causing Plaintiffs to be arrested, prosecuted, convicted, and imprisoned without probable cause."

(ECF No. 1 at 17-18).

The Court finds that Plaintiff's negligence claim concerns the City Defendants' actions within the scope of their employment resulting in Plaintiffs' arrest, prosecution, conviction and imprisonment, and thus that City Defendants are immune from this claim under Government Code Sections 821.6 and 815.2.

Plaintiffs' opposition argues that City Defendants are not entitled to immunity based on the legal rule that "[i]f investigative misconduct is challenged independent of its role in the

institution or prosecution of criminal proceedings; section 821.6 therefore does not apply," citing *Leon v. County of Riverside*, 14 Cal.5th 910 (2023). (ECF No. 16, at p. 23). In *Leon*, the California Supreme Court held that Government Claims Act section 821.6 did not apply and, thus, did not immunize county from widow's negligent infliction of emotional distress claim based on allegations that "the deputies and the public entity that employed them failed to exercise reasonable care when they left [husband's] body exposed and uncovered for hours, in view of both [widow] and the general public." *Id.* The Court reasoned as follows:

> The available history, in short, indicates that section 821.6 was designed primarily to preserve the existing common law immunity for conduct that might otherwise support a malicious prosecution action. This immunity, we observed in *Sullivan*, did not extend to the act challenged there, consisting of "holding of a person in jail beyond his term," which had never before given rise to a malicious prosecution finding. (*Sullivan*, *supra*, 12 Cal.3d at p. 720, 117 Cal.Rptr. 241, 527 P.2d 865.) Neither has the conduct challenged here—the investigation of a potential crime, unconnected to the filing of any charges—ever formed the basis of a malicious prosecution finding. Section 821.6 does expand the scope of immunity to include any claim of injury caused by wrongful prosecution, even if the prosecution is merely negligent and not malicious. But neither text nor legislative history lends support to the County's argument that section 821.6 covers claims of injury caused by acts that are merely investigatory and unconnected to the prosecution of any official proceeding.

*Id.* at 926.

However, the Court agrees with City Defendants that Plaintiffs' negligence claim against them is not "merely investigatory and unconnected to the prosecution of any official proceeding." *Id.* Rather, the investigatory actions at issue led to the official criminal prosecution of Plaintiffs. Indeed, Plaintiffs' complaint explicitly states regarding this claim: "Plaintiffs do not assert a separate cause of action for negligent investigation." (ECF No. 1, at p. 18).

Accordingly, the Court grants the City Defendants' motion to dismiss Plaintiffs' Ninth Cause of Action for Negligence against them because the individual City Defendants are immune under California Government Code section 821.6 and the City itself is immune under California Government Code section 815.2.

\\\

\\\

**b. County Defendants' Motion to Dismiss**

**i. Third Cause of Action, 42 U.S.C. § 1983 - Deprivation of Fair Trial / Interference with Access to Courts**

Turning to County Defendants' motion to dismiss, County Defendants first seek dismissal of Plaintiffs' third cause of action as to them, which claims that County Defendants violated Plaintiff Nagata's Right to a Fair Trial and Access to the Courts because "Defendants Rios, Bassi, and DOES 1 through 50 deliberately interfered with Nagata's access to and use of legal materials during retrial by defying court orders regarding the jury questionnaires, disorganizing legal materials, interfering with defense work product, and tampering with or allowing the tampering of defense related documents." (ECF No. 1, at p. 12). County Defendants argue that the complaint fails to allege that Plaintiff Nagata suffered any injury because he was acquitted at the retrial. (ECF No. 13-1 at 10) ("The Complaint alleges no lost claim, dismissal, adverse ruling, or concrete prejudice traceable to County Defendants' conduct; to the contrary, the Complaint makes clear that Plaintiff Nagata still had access to his legal documents (Complaint 10:8), continuously represented himself during the entire jury trial process, and did so successfully because he obtained a not-guilty verdict by jury at the conclusion of the trial (Complaint, 10:15-16)."). County Defendants also argue that any interference was justified by legitimate penological interests. (ECF No. 13-1, at p. 15) ("Assuming as true that County Defendants' interference with Plaintiff Nagata's legal materials did impose on his constitutional rights, such conduct was related to safety concerns, and is reasonably related to a legitimate penological interest.").

In opposition, Plaintiff concedes that "[a] claim for interference with access to the courts requires an actual injury," but argues that Plaintiff sufficiently alleges an actual injury in the form of "an unreasonable risk of prejudice to Nagata's access to the courts, self-representation, due process, and fair-trial rights during the retrial." (ECF No. 16, at p. 7).

In reply, County Defendants argue that Plaintiff cannot demonstrate any specific evidentiary ruling, juror selection issues, or a preserved issue that was lost due to the alleged disorganization of legal materials, and that "risk of prejudice" does not sufficiently allege an

injury. (ECF No. 19 at 4).

The Due Process Clause of the Fourteenth Amendment provides, “No State shall... deprive any person of life, liberty, or property, without due process of law.” *U.S. Constitution, amend. XIV § 1*. This clause guarantees both procedural and substantive due process. A Section 1983 claim based upon procedural due process has three elements: “(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process.” *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (citation omitted). To show a procedural due process violation, a Plaintiff must prove “two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.” *United States v. 101 Houseco, LLC,* 22 F.4th 843, 851 (9th Cir. 2022).

Additionally, “prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials.” *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011); *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202 (9th Cir. 2015). To succeed on an action for denial of access to the courts, a plaintiff must establish a specific, concrete, injury as a result of Defendants’ actions. *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (“the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim”); *Alvarez v. Hill* 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (“We affirm the district court's grant of summary judgment as to this claim because Alvarez has not ‘allege[d] injury, such as inability to file a complaint or defend against a charge’ resulting from deficiencies in access.”). Moreover, the Plaintiff must plead the actual injury in the complaint. *Christopher v. Harbury* 536 U.S. 403, 416 (2002) (“Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.”).

Here, Plaintiff Nagata was acquitted at the retrial notwithstanding any disruption of juror questionnaires during that trial. He thus was not deprived of any liberty interest as a result of the alleged rule violation. He also had not pled any injury that resulted from the alleged violation of

the court order. As a result, Plaintiff's Third Cause of Action against the County Defendants should be dismissed.

In his opposition, Plaintiff argues that "an unreasonable risk of prejudice" is sufficient to proceed past the pleading stage in his claim. (ECF No. 16, at p. 11) ("The Complaint identifies the specific rights at issue — access to the courts, Sixth Amendment self-representation, and due process/fair trial (Compl. ¶¶ 74, 76) — and alleges the interference 'created an unreasonable risk of prejudice to Nagata's access to the courts, self-representation, due process, and fair-trial rights during the retrial proceedings'") (emphasis added). In support of his argument, Plaintiff Nagata relies on *Uzuegbunam v. Preczewski,* 592 U.S. 279 (2021), which held that a student's constitutional claim for a past violation of freedom of speech was not rendered moot by a change in college policy where the student sought nominal damages for his past injury. However, *Uzuegbunam* only concerned the element of redressability for a past completed constitutional injury; it did not alter the requirement that a plaintiff allege an injury in fact to have standing to assert a constitutional claim. *Id.* at 284 ("We granted certiorari to consider whether a plaintiff who sues over a *completed injury* and establishes the first two elements of standing (injury and traceability) can establish the third by requesting only nominal damages.") (emphasis added); *id.* at 292 ("Because nominal damages were available at common law in analogous circumstances, we conclude that a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right."). In *Uzuegbunam*, unlike here, Plaintiff alleged he already suffered a concrete injury, even if he could not quantify his past harm in economic terms. *Id.* at 293 ("[I]t is undisputed that Uzuegbunam experienced a completed violation of his constitutional rights when respondents enforced their speech policies against him."). Indeed, the Court clarified that Plaintiff must still establish a particularized injury to have standing. *Id.* at 293 ("Our holding concerns only redressability. It remains for the plaintiff to establish the other elements of standing (such as a particularized injury) . . .").

Because Plaintiff Nagata has not alleged any deprivation of liberty or any injury resulting from County Defendants' alleged interference in his legal materials, the Court agrees that Plaintiff Nagata's Third Cause of Action against County Defendants for Deprivation of Fair Trial

/ Interference with Access to Courts should be dismissed.

**ii. Fourth Cause of Action – Supervisory Liability; Fifth Cause of Action – Municipal Liability**

Plaintiff's Fourth Cause of Action for Supervisory Liability and Fifth Cause of Action for Municipal Liability as against the County Defendants derive from the same underlying alleged constitutional violation: that County Defendants violated Plaintiff Nagata's constitutional rights by refusing to provide the jury questionnaires with staples to Nagata in jail. (ECF No. 1, at p. 14) ("Defendant Bassi personally participated in, directed, approved, ratified, or knowingly failed to stop the interference with Nagata's court-ordered access to stapled jury questionnaires and related defense materials, including by expressly refusing to comply with the court's order and by permitting Sheriff's personnel to remove staples, disorganize materials, interfere with defense work product, and compromise the integrity of defense documents."); (ECF No 1, at p. 15) ("The . . . County's customs, policies, practices, training failures, supervision failures, and ratification were moving forces behind the constitutional violations alleged herein, including the . . . deprivation of fair-trial rights, and interference with access to courts alleged herein.").

Because the Court finds that the underlying constitutional violation asserted in the Third Cause of Action should be dismissed, it also grants County Defendants' Motion to Dismiss the Fourth and Fifth Cause of Action against them, based on supervisory and municipal liability.

**iii. Sixth Cause of Action: Bane Act Civil Code § 52.1 - Unconstitutional Arrest and Detention; Seventh Cause of Action; Bane Act - Civil Code § 52.1 - Unconstitutional Prosecution and Fabrication of Evidence**

County Defendants next move to dismiss Plaintiff's Sixth Cause of Action against them, for violation of the Bane Act, Civil Code § 52.1 - Unconstitutional Arrest and Detention; and Plaintiff's Seventh Cause of Action against them for violation of the Bane Act, Civil Code § 52.1, Unconstitutional Prosecution and Fabrication of Evidence. Notably, although both causes of action name all Defendants, only the Seventh Cause of Action is specifically directed at County Defendants who "intentionally interfered with Plaintiffs' rights under the United States and California Constitutions to due process, fair criminal proceedings, freedom from prosecution

unsupported by probable cause, and, as to Nagata during retrial, access to the courts and court ordered access to legal materials necessary for self-representation and trial preparation." (ECF No. 1, at p 16).

County Defendants move to dismiss these claims against them because they did not participate in the investigation of arrest of plaintiffs, and "[t]he only County-related conduct alleged is removal of staples from questionnaires, disorganization of materials, and markings on documents. No threats, intimidation, or coercion is alleged in any actions taken by any County Defendant." (ECF No. 13-1, at p. 22).

In his opposition, Nagata argues that "the Bane Act claim rests on their intentional defiance of court orders and interference with Nagata's legal materials during his retrial. That conduct — defying a court order in a manner that exploited the power imbalance of the jail setting — is itself inherently coercive and intimidating." (ECF No. 16, at p. 18).

In reply, County Defendants argue that "no threats, intimidation and coercion is inherent in removing stapled or disorganizing Plaintiff Nagata's papers." (ECF No. 19, at p. 8).

The Bane Act forbids conduct by any person, "whether or not acting under color of law," who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state...." Cal. Civ. Code § 52.1(a). A plaintiff "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Hearns v. Gonzales*, No. 1:17-CV-00038-AWI-GSA-PC, 2018 WL 1790800, at *1 (E.D. Cal. Apr. 16, 2018) (*quoting Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (Cal. Ct. App. 2015)).

As an initial matter, the Court agrees with County Defendants that Plaintiffs have not alleged any facts supporting the Bane Act Claim for the Sixth Cause of Action: Bane Act Civil Code § 52.1 - Unconstitutional Arrest and Detention, because County Defendants are not alleged to have participated in Plaintiff's initial arrest and detention.

The Court also agrees that Plaintiffs have failed to plead a cause of action for Seventh

Cause of Action; Bane Act - Civil Code § 52.1 - Unconstitutional Prosecution and Fabrication of Evidence because Plaintiffs have not alleged any threat, intimidation, or coercion.

Again, Plaintiff's complaint alleges that "Sergeant Rios refused to permit stapled jury questionnaires into the jail on or about March 2, 2025, and Lieutenant Bassi expressly refused to comply with the court's directive on or about March 10, 2025, stating he would not 'start a precedent.' As a result, Sheriff's personnel removed staples from Nagata's legal materials in direct contravention of the court's order, returned questionnaires out of order, displaced protected defense work product, and placed unauthorized markings on legal documents." (ECF No. 1, at p. 10). However, nowhere do Plaintiffs allege that County Defendants made any threats in connection with this refusal, or otherwise engaged in intimidation or coercion. Nor do Plaintiffs provide any legal support for their contention that any violation of a Court order in a jail setting is "inherently coercive and intimidating conduct" for purposes of the Bane Act.

Moreover, Plaintiffs have not established an underlying violation of any constitutional right, which is a predicate for Plaintiff's Bane Act claim. As explained above, Plaintiffs have not alleged a deprivation of any liberty interest or any injury caused by County Defendants' alleged interference in legal materials. *See Campbell v. Feld Entertainment, Inc.* 75 F.Supp.3d 1193, 1212 (N.D. Cal. 2014) ("Even if the claim could serve as a Bane Act predicate and had not been abandoned, summary judgment would still be appropriate because there is no evidence that Plaintiffs were 'specially' injured by Defendants' alleged conduct.").

The Court thus grants the County Defendants' motion to dismiss Plaintiff's Sixth and Seventh Causes of Action based on the Bane Act.

**iv. Ninth Cause of Action: California State Law – Negligence**

County Defendants also move to dismiss Plaintiff's Ninth Cause of Action for Negligence as to them. County Defendant argue that "[t]he Complaint pleads no cognizable duty owed by County Defendants to maintain staples in legal papers in a particular configuration, no breach measured against a recognized standard, and no damages proximately caused by the alleged conduct, particularly where Nagata was acquitted." (ECF No. 13-1, at p. 24).

In opposition, Plaintiff argues that "[t]he Complaint alleges Rios and Bassi breached their duties by defying court orders and interfering with Nagata's legal materials — conduct that

directly and proximately caused Nagata to proceed to trial with compromised legal materials." (ECF No. 16, at p. 21).

Plaintiffs' claim of negligence as it relates to County defendants generally states, "Defendants owed Plaintiffs duties imposed by law, including duties to use reasonable care in performing law enforcement and custodial functions, to refrain from creating an unreasonable risk of harm… to comply with court orders governing access to legal materials." (ECF No. 1 at 17). Further, County defendants "breached those duties by… defying court orders; interfering with legal work product; disorganizing and mishandling jury questionnaires; and tampering with or allowing the tampering of defense-related legal materials." (*Id.* at 18).

Negligence is a common law claim under California law. "The elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." *Brown v. Ransweiler* 171 Cal.App.4th 516, 534 (2009)

For the reasons described above, the Court finds that Plaintiff has failed to plead any actual loss or damages resulting from the alleged breach of the duty of care. The Court will thus grant County Defendants' motion to dismiss Plaintiff's Ninth Cause of Action for negligence against them.

## V. CONCLUSION AND ORDER

Based on the reasons set forth above, the Court HEREBY ORDERS as follows:

1. The City Defendants' Motion to Dismiss (ECF No. 10) is GRANTED.
2. The County Defendants' Motion to Dismiss (ECF No. 13) is GRANTED.
3. Plaintiffs' Ninth Cause of Action for a California state law claim of Negligence against as to defendants City of Merced, County of Merced, Haygood, Allen, Moses, Odom, Bassi, and Rios is DISMISSED without leave to amend.[2]
4. Plaintiff's Third Cause of Action for Fabrication of Evidence, deprivation of

[2] Although Plaintiffs briefly argue that they be given leave to amend, they fail to explain how amendment would cure these deficiencies.

fair trial, interference with access to Courts as to defendants County of Merced, Rios, and Bassi is DISMISSED without leave to amend.

5. Plaintiffs' Fourth Cause of Action for Supervisor Liability as to defendant Bassi is DISMISSED without leave to amend.

6. Plaintiffs' Fifth Cause of Action for Municipal Liability as to defendant County of Merced is DISMISSED without leave to amend.

7. Plaintiff's Sixth Cause of Action for a violation of the Bane Act as to defendants against defendants County of Merced, Rios, and Bassi is DISMISSED without leave to amend.

8. Plaintiff's Sixth Cause of Action for a violation of the Bane Act as to defendants against defendants County of Merced, Rios, and Bassi is DISMISSED without leave to amend.

9. The case proceeds on the following claims: (1) Unconstitutional Arrest and Detention against defendants Haygood, Allen, Moses, Odom, Rochester, and Does 1 through 50; (2) Unconstitutional Prosecution defendants Haygood, Allen, Moses, Odom, Rochester, and Does 1 through 50; (3) Fabrication of Evidence, deprivation of fair trial, interference with access to Courts defendants Haygood, Allen, Moses, Odom, Rochester, and Does 1 through 50; (4) Supervisor Liability against Haygood, Allen, Moses, and Does 1 through 50; (5) Municipal Liability against defendant City of Merced; (6) Bane Action violation for unconstitutional arrest and detention against defendants City of Merced, Haygood, Allen, Moses, Odom, Rochester, and Does 1 through 50; (7); Bane Action violation for unconstitutional prosecution and fabrication of evidence against defendants City of Merced, Haygood, Allen, Moses, Odom, Rochester, and Does 1 through 50; (8) California state law claim for false arrest and imprisonment against defendants City of Merced, Haygood, Allen, Moses, Odom, Rochester, and Does 1 through 50; and (9) California state law claim for negligence against defendants Rochester and Does 1 through 50.

10. The Clerk of Court is directed to terminate defendants County of Merced, Bassi, and Rios from the docket.
11. The parties are reminded to contact Courtroom Deputy Felicia Navarro (fnavarro@caed.uscourts.gov) within ten days of the issuance of this order to secure a new initial scheduling conference date. (*See* ECF No. 17).

IT IS SO ORDERED.

Dated: **November 11, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE